UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY J.,

                         Plaintiff,

           v.                                        **DECISION AND ORDER**
                                                                     21-CV-34-A

MARTIN O'MALLEY,[1]
Commissioner of Social Security,

                        Defendant.
_____

      Plaintiff Anthony J., as the prevailing party in this social security benefits action, has filed a Motion for Attorney Fees, under 42 U.S.C. § 406 (b)(1)(A). Dkt. #21. Defendant neither supports nor opposes counsel's request. Dkt. #24.

      By statute, this Court may determine and award a reasonable fee not to exceed 25% of total past-due benefits to an attorney who secures a favorable judgment for a claimant in a social security case in federal court. *See* 42 U.S.C. § 406 (b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). This fee authority "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Since 406(b) is not entirely self-explanatory, the Second

---

[1] Martin O'Malley is now the Commissioner of Social Security. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

Circuit, in "[s]eeking to provide…guidance" on the issue has held "that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quotations and citations omitted).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Here, Plaintiff entered into a fee agreement with his attorney whereby Plaintiff agreed to pay attorney fees equivalent to 25% of the past due benefits awarded to Plaintiff or $6,000 (adjusted for inflation), whichever was lower, for attorney fees incurred in connection with administrative proceedings before the SSA. Dkt. #21-5. Such agreement, however, provided that the $6,000 limit would not apply in cases, as here, in which a federal court action is commenced to challenge the SSA's administrative determination. *Id*.   After this lawsuit was commenced in federal court, Plaintiff was awarded $91,915.72 in past due benefits. Dkt. #21-3.  The requested fee of $22,978.93 is equal to 25% of the past due benefits. Thus, the amount of attorney's fees sought here does not exceed the statutory 25% limit.  Yet, the inquiry does not end there as this Court must still determine whether the such amount is reasonable, and to do that, the Courts have looked to "whether there has been fraud

2

or overreaching in making the agreement…[and]…whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. *See Gisbrecht*, 535 U.S. at 808. Moreover, there is no indication that this fee is a windfall. *Fields v. Kijakazi*, 24 F.4th at 849. Timesheets submitted by Plaintiff's counsel reflect that two attorneys involved in representing Plaintiff spent a combined total of 25.4 hours working on this case. Dkt. #21-6. While the fee here constitutes an hourly rate of roughly $904.68 per hour, which is high for Western New York, the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee requested. *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."). Moreover, the hourly rate being awarded is less than that which have been approved by other Judges in this District. *See e.g., Kimberly P. v. Comm'r of Soc. Sec.*, No. 18-CV-1074-LJV, 2024 WL 4581296, at *1 (W.D.N.Y. Oct. 25, 2024) (approving an hourly rate of over $1,500); *John T. v. Comm'r of Soc.*

*Sec.*, No. 1:21-CV-00297 EAW, 2024 WL 3897031, at *2 (W.D.N.Y. Aug. 22, 2024)(approving requested fee would result in a de facto hourly rate of $1,526); *James C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01008-EAW, 2023 WL 8014383, at *3 (W.D.N.Y. Nov. 20, 2023) (granting de facto hourly rate of $2,047.00 based on counsel's quality and efficiency and collecting cases).

Finally, this Court recognizes, "accepting reasonable contingency agreements as the basis for a § 406(b) social security fee provides a critical incentive for able attorneys to practice in the social security field and increases the likelihood that a claimant can find an attorney sufficiently committed and skilled to litigate successfully against the government." *Wells*, 907 F.2d at 372.

For these reasons, Plaintiff's counsel's motion is granted and counsel is awarded $22,978.93 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on June 16, 2023, this Court previously awarded Plaintiff's counsel $5,429.11 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Dkt. #17).  Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the $5,429.11 EAJA fee to Plaintiff. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988). Accordingly, it is hereby

**ORDERED**, that counsel's Motion for Attorney Fees is **GRANTED**, and Plaintiff's counsel is awarded attorney fees in the amount of $22,978.93 under 42

U.S.C. § 406(b)(1)(A) (Dkt. #21) . The fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy; and it is further

**ORDERED**, that Plaintiff's counsel is directed to refund to Plaintiff the $5,429.11 EAJA award within 14 days of receiving the § 406(b) award.

**IT IS SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  November 30, 2024
        Buffalo, New York